UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | §<br>§<br>§ | |
| V. | § | CASE NO. |
| | § | |
| $14,554.00 UNITED STATES CURRENCY,<br>Defendant. | §<br>§ | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, files this action for forfeiture and alleges upon information and belief:

### Nature of Action

1. This is a civil forfeiture action in rem brought under 21 U.S.C. § 881(a)(6) which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*).

### Jurisdiction and Venue

2. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1355, 1391 and 1395.

### Defendant Property

4. The Defendant is $14,554.00 in United States currency ("Defendant Property").

Law enforcement officers and agents seized Defendant Property on or about April 14, 2014, from a vehicle driven by Anthony Marlon Savage ("Savage"). Defendant Property is on deposit in the United States Marshals Service's seized asset deposit fund account at the Federal Reserve Bank.

5. Savage filed a claim contesting the forfeiture of Defendant Property during the administrative forfeiture proceedings.

## Factual Basis

6. On April 11, 2014, Savage rented a 2013 Nissan Altima in Wheeling, West Virginia. Savage drove the rental vehicle to McAllen, Texas.

7. On or about April 13, 2014, Savage met with an individual in McAllen, Texas, and asked about purchasing marijuana to sell in West Virginia. Savage met again with the individual the next day, and Savage drove his rental vehicle to a gated community in McAllen, Texas. Savage opened the trunk of his rental vehicle and was present when marijuana was loaded into the trunk.

8. On April 14, 2014, Savage drove the rental vehicle loaded with marijuana to the United States Border Patrol Checkpoint near Falfurrias, Texas. At the primary inspection lane, a Border Patrol Agent conducted an immigration inspection while another Border Patrol Agent and his service canine conducted a non-intrusive free-air sniff of the vehicle exterior. During the immigration inspection, the service canine alerted to the odor of narcotics coming from the trunk of the vehicle. Savage drove the vehicle to the secondary inspection lane for inspection.

9. While in the secondary inspection lane, Border Patrol Agents found 3 bundles of suspected narcotics wrapped in clear cellophane with the strong odor of marijuana and concealed in a cardboard box. The agents conducted a field test and confirmed that the narcotics were marijuana. The marijuana was subsequently sent to the Drug Enforcement Administration

Laboratory in Dallas, Texas, for testing. The DEA lab confirmed that the narcotics seized from Savage's rental vehicle were marijuana.

10. In addition to the marijuana, the Border Patrol Agents found Defendant Property concealed within a manila envelope inside Savage's luggage. Defendant Property consisted of United States currency in the following denominations: 97 one hundred dollar bills, 26 fifty dollar bills, 170 twenty dollar bills, 10 ten dollar bills, 7 five dollar bills, and 1 one dollar bill.

11. Savage was arrested and advised of his Miranda rights. Savage agreed to answer questions without having a lawyer present. Savage initially stated that he did not know about the marijuana in the trunk. Later, he admitted that he traveled to McAllen, Texas, to visit a friend and purchase drugs. Savage stated that he planned to take the drugs back to West Virginia.

12. Subsequently, Special Agents with the Drug Enforcement Administration interviewed Savage. The agents again read the Miranda warnings to Savage. Savage acknowledged his Miranda rights, signed the Miranda warnings form, and agreed to answer questions without having a lawyer present. Savage stated, among other things, that he traveled to Texas with the intent to purchase marijuana to sell in West Virginia. Savage further stated that he was going to use a portion of Defendant Property to purchase the marijuana.

13. Defendant Property is money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), is proceeds traceable to such an exchange, or is money used or intended to be used to facilitate a violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*).

## Notice to Any Potential Claimants

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which

fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Corpus Christi Division of the Southern District of Texas at United States Courthouse, 1133 N. Shoreline Blvd., Corpus Christi, Texas 78401, and a copy must be served upon the undersigned Assistant United States Attorney at the United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

## Prayer

Wherefore, the United States of America prays that judgment of forfeiture be entered against Defendant Property in favor of the United States of America under 21 U.S.C. § 881(a)(6) and for such costs and other relief to which the United States of America may be entitled.

          Respectfully submitted,
          KENNETH MAGIDSON
          UNITED STATES ATTORNEY

By:   /S/ Gerald Doyle
       Gerald Doyle, AUSA
       Admission ID No. 1453
       Texas State Bar No. 06091500
       1000 Louisiana, Suite 2300
       Houston, Texas 77002
       Phone: 713.567.9599
       Fax: 713.718.3300

Verification

I, Omar G. Cervantes, a special agent with the Drug Enforcement Administration, hereby affirm and verify that the facts set forth in the foregoing Complaint for Forfeiture in Rem are true and correct to the best of my knowledge and belief.

Omar G. Cervantes
Special Agent
Drug Enforcement Administration

Sworn and subscribed before me, the undersigned authority, on August 25, 2014.

Notary Public in and for the State of Texas

My commission expires:
4-18-2017

CAROL SQUIRE
Notary Public, State of Texas
My Commission Expires
April 18, 2017